UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MARGARET LEWIS and MALIYAH LEWIS,<br><br>   *Plaintiffs,*<br><br>v.<br><br>MICHIGAN DEPARTMENT OF CHILD SERVICES, et al.,<br><br>   *Defendants.*<br>_____/ | Case No. 1:25-cv-11866<br><br>Thomas L. Ludington<br>United States District Judge<br><br>Patricia T. Morris<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION TO DISMISS CASE *SUA SPONTE*

**I. RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **DISMISS** this case *sua sponte* under 28 U.S.C. § 1915(e)(2).

**II. REPORT**

 **A. Background**

On June 20, 2025, Plaintiffs filed the original complaint. (ECF No. 1). A week later, Plaintiffs filed an amended complaint as a matter of course. (ECF No. 8). In their amended complaint, Plaintiffs named the City of Detroit Police Department, the Michigan Department of Child Services, and the "State of Michigan and affiliated agencies" as Defendants. (*Id.* at PageID.20–21). Plaintiffs checked

1

federal question as the basis for this Court's jurisdiction. (*Id.* at PageID.21). And in the provided section for further explanation, Plaintiffs wrote, "violation of rights to privacy and violation of human rights." (*Id.* at PageID.22). Plaintiffs' statement of claims follows:

> Someone affiliated in these organizations have been stalking my daughter and I and requesting information from the public to let them know where we are if they see us and then they have sending people to my location to harass us.
>
> My daughter and I have experienced violations of our privacy, including stalking and harassment. We have been subjected to illegal surveillance and our personal information has been compromised while residing at [our home]. This surveillance continued even after we vacated the residence, resulting in ongoing stalking behavior. Additionally, there are individuals affiliated with law enforcement and employed by the state of Michigan who have participated in these activities, further contributing to the violation of our privacy and enabling others to abuse us. This treatment is unjust and inhumane.
>
> Sensitive information about us was shared with individuals who were involved in monitoring or stalking us. Even persons with whom I had a previous restraining order were privy to our private details. This led to strangers being introduced into our lives, who then engaged in harassment and abuse. Consequently, we lost our apartment and experienced homelessness for the first time. Approximately eight years later, these individuals continue to stalk us across different locations, with others being directed to harass us and intimidate us into relocating. I am uncertain how they are gaining access to my address and personal whereabouts, as I have only shared this information with select organizations since the abuse began.
>
> Furthermore, an unidentified female associated with law enforcement or associated with the state of Michigan has allegedly assisted in the stalking activities, rather than addressing the abuse we have endured. This individual has facilitated surveillance by men at various locations. These parties have communicated to others to avoid contact with my

daughter and me. I am perplexed by how and why we are being monitored and harassed by individuals with whom we have had no prior contact, and I want to make clear that we do not wish to be involved with

I had resided in these apartments since 2008 without incident and have not needed to contact law enforcement. My daughter has always been healthy and well. These facts can be verified readily.

It is concerning to me that I am now experiencing unwarranted attention, invasion of privacy, and behavior implying I am the source of the issues. During that period, my focus was on attending college, working, and caring for my young child. I have not engaged in disruptive or aggressive conduct towards others. After reporting these incidents and realizing they persisted, I decided to address the situation directly. Unbeknownst to me, the individuals involved appeared to be attempting to set me up for ongoing harassment and violations.

The challenging circumstances I have faced seem to be the result of actions taken by others who have behaved inappropriately and without justification. I have become aware that some parties have gained knowledge of my whereabouts, which has led to ongoing privacy violations. I can only share my perspective and that of my daughter. We have done nothing to warrant this treatment. I have taken steps to protect my personal boundaries and have responsibly addressed these concerns, including reporting incidents to law enforcement when the harassment and disrespect continued.

Initially, these issues seemed to stem from an attempt to pressure us to move out of [a specific apartment], despite having lived there prior to these individuals. Subsequently, false reports were made to acquire our personal information. My call logs were monitored and shared with individuals I suspect have been stalking us. During our residence at Northlawn Gardens, we experienced violations that went unaddressed, and our address was shared with unknown individuals without my knowledge. At no point did I have any conflict with these individuals, nor have I done anything to warrant such treatment. There has been ongoing misinformation about these events, and I believe many involved have been complicit in or aware of the misconduct. We never had any issues before this 8-10 years ago. I have supporting

3

> documentation to confirm the time frame of these changes.
>
> The basis of this complaint is to acknowledge there is something horrible happening to us under false pretenses and it has caused severe problems. This issue began at [our old apartment]. It has been an ongoing issue that has followed us from location to location which means this is currently an active situation.

(*Id.* at PageID.23, 25).

The Court has referred this case for all pretrial matters including "matters related to the review of *in forma pauperis* [("IFP")] cases provided for in 28 U.S.C. § 1915(e)(2)." (ECF No. 6, PageID.16). The Undersigned has since granted Plaintiffs' application to proceed IFP (ECF No. 7), meaning their case must now be screened in accordance with 28 U.S.C. § 1915(e)(2).

### B. Legal Standard

As noted above, because Plaintiffs are proceeding IFP, they have subjected this case to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, a court may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, a "court must construe the complaint in the light most favorable to the plaintiff[s], accept all the factual

allegations as true, and determine whether the plaintiff[s] can prove a set of facts in support of [their] claims that would entitle [them] to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiffs to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When plaintiffs proceed without counsel, a court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

   C.   **Analysis**

Plaintiffs' amended complaint does not satisfy Federal Rule of Civil Procedure 8. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader[s] [are] entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Further, the allegations must be set forth in "simple, concise, and direct" manner. Fed. R. Civ. P. 8(d)(1). Ultimately, "[a] complaint must contain more than

legal labels, conclusions, or a recitation of the elements of a cause of action, and it must also contain 'enough facts to state a claim to relief that is plausible on its face.'" *Lipsey v. 74th Jud. Cir. Ct.*, No. 1:22-CV-10471, 2022 WL 2402661, at *2 (E.D. Mich. Mar. 29, 2022) (quoting *Twombly*, 550 U.S. at 570), *report and recommendation adopted*, 2022 WL 2841473 (E.D. Mich. July 20, 2022)

Plaintiffs' complaint provides few factual allegations. Plaintiffs do not name the agencies and/or individuals that they believe have disclosed their personal information. Further, it is unclear under what authority Plaintiffs' claims sound. Plaintiffs do not reference a particular constitutional amendment, federal statute, or other source of substantive rights.

Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (cleaned up). Plaintiffs have not satisfied Rule 8's demands; therefore, their amended complaint should be dismissed under § 1915(e)(2). *See, e.g.*, *Bell v. City of Cincinnati*, No. 1:23-CV-168, 2023 WL 8069216, at *1 (S.D. Ohio Nov. 21, 2023) (dismissing case under § 1915(e)(2) after describing the complaint as "short on detail and difficult to parse"); *Bouza v. Bay City Police Dep't*, No. 1:25-CV-10260, 2025 WL 796127, at *2 (E.D. Mich. Feb. 20, 2025) (recommending dismissal under § 1915(e)(2) after noting that the plaintiff's "complaint does not provide a detailed narrative of the underlying incident"), *report and*

*recommendation adopted*, 2025 WL 792867 (E.D. Mich. Mar. 12, 2025).

Moreover, even if Plaintiffs had met the basic pleading requirements, their claims against the State would nonetheless be subject to dismissal. States have sovereign immunity under the Eleventh Amendment. Put succinctly, this means that individuals cannot sue the State of Michigan in federal court for a violation of their constitutional rights unless they are seeking "prospective relief to end a continuing violation of federal law." *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002). Here, Plaintiffs appear to seek only monetary damages. (ECF No. 8, PageID.24).

In sum, the amended complaint does not contain sufficient facts to state plausible claims against any Defendant. Additionally, sovereign immunity shields the State from federal lawsuits seeking only money damages. Accordingly, the case should be dismissed under § 1915(e)(2).

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DISMISS** this case *sua sponte* under 28 U.S.C. § 1915(e)(2).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

7

recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 7, 2025                                         s/PATRICIA T. MORRIS
                                                            Patricia T. Morris
                                                            United States Magistrate Judge